# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDY D. ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. CIV-05-223-JHP ) |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## FINDINGS AND RECOMMENDATIONS

Claimant, Eddy D. Ellis, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED AND REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id.

§423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias, 933 F.2d at 800-01.

## Claimant's Background

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

Claimant was born on November 15, 1956, and was 48 years old at the time of the hearing. He has a 12th grade education. Claimant has never worked at the income level of substantial gainful employment, and therefore he has no past relevant work. Claimant alleges an inability to work beginning April 1, 2003, due to diabetes mellitus, diabetic neuropathy of the feet, degenerative disc disease of the lumbar spine with associated chronic pain, hearing loss, hypertension, and obesity.

### Procedural History

On April 30, 2003, Claimant applied for disability benefits under Title II (42 U.S.C. § 401, et seq.) And Title XVI (42 U.S.C. § 1381, et seq.) Claimant's application for benefits was denied in its entirety initially and on reconsideration. A hearing before ALJ Michael A. Kirkpatrick was held on July 20, 2004 in McAlester, Oklahoma. By decision dated December 22, 2004, the ALJ found that Claimant was not disabled at any time through the date of the decision. On March 29, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation pursuant to 20 C.F.R. Pt. 404, Subpt.P, App. 2 § 203.28. He determined that Claimant retained the residual functional capacity (RFC) to perform the full range of medium work as well as light and sedentary work.

**Review**

Claimant asserts that the ALJ and the Appeals Council erred in not giving due consideration to the opinion and medical records provided by Dr. Noel W. Emerson. Claimant also argues the ALJ erred in (1) relying on the Medical-Vocational Guidelines (GRIDS) to direct a determination of non-disability where substantial evidence required inclusion of non-exertional limitations in his RFC; and (2) finding that Claimant retained the RFC to perform medium work. The Commissioner argues that Claimant's entire appeal is foreclosed based on the failure to contest the ALJ's alternative findings that he was not precluded from performing lesser included light and sedentary work.

**Issues Raised on Appeal**

In this case, the ALJ determined Claimant retained the RFC to perform the physical demands of the full range of medium work which involves lifting no more than fifty pounds at a time, with frequent lifting and carrying of objects weighing up to twenty-five pounds. Additionally, the ALJ found that if a person is able to perform medium work, he can also perform light and sedentary work. (Tr. 15) Relying on Murrell v. Shalala, 43 F.3d 1388, 1389-1390 (10th Cir. 1994), Commissioner argues Claimant's failure to contest the ALJ's alternative findings that he could perform light and sedentary work precludes any appellate review. In Murrell, the Claimant appealed the ALJ's step four determination of non-disability but failed to raise the ALJ's alternate determination at step five of the sequential analysis. In that case, the Court concluded Claimant's appeal was foreclosed because the step five determination constituted " a sufficient basis for the denial of benefits." Id. at 1390. Here, Claimant has raised other issues on appeal. Thus, the Commissioner's reliance on Murrell is inapposite.

4

**The opinion of Dr. Emerson**

Medical evidence submitted to the ALJ included medical records from Dr. Noel W. Emerson dated March 27, 2003 (Tr. 99) and from November 17, 2000 through February 9, 2004. (Tr. 135-143) Additional records submitted to the Appeals Council included an MRI performed upon referral from Dr. Emerson on September 4, 2004 (Tr. 161) and progress notes dated December 28, 2004. (Tr. 160) On February 9, 2004, Dr. Emerson summarized Claimant's medical problems as including chronic back pain, a history of non-insulin dependent diabetes, hypertension, and diabetic neuropathy of the feet causing him continuous burning and numbness of the feet and difficulty sleeping. He opined Claimant was no longer able to work as a mechanic. (Tr. 135) These records consistently note problems associated with hypertension and diabetic neuropathy. ( Tr. 99, 136, 160) The MRI impression was degenerative disc disease at L4-5 and L5-S1 characterized by disc bulges and moderate bilateral neural foraminal narrowing at L5-S1. Mild to moderate narrowing of the bilateral neural foramina was found at L4-5. (Tr. 161)

The ALJ declined to give Dr. Emerson's assessment controlling weight. He found the opinion was not supported by objective medical evidence, including his own treatment records. Further, the ALJ noted that Claimant had seen Dr. Emerson on only nine occasions for conservative treatment. He determined the assessment was clearly based in large part upon subjective complaints, which he found less than credible, and was generated out of an act of courtesy to the patient rather than a genuine medical assessment of discrete functional limitations based upon clinically established pathologies. (Tr. 17)

The Appeals Council considered the additional evidence submitted. However, the

5

additional information did not provide a basis for changing the ALJ's decision. (Tr. 4-5)

The Appeals Council is required to consider additional evidence submitted with the request for review "if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision." Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004) (citations omitted). If the additional evidence qualifies as new and material evidence and the Appeals Council considered it in connection with Claimant's request for administrative review, regardless of whether review was ultimately denied, it becomes part of the record evaluating the Commissioner's denial of benefits. Id.

Claimant contends the ALJ and the Appeals Council erred by failing to give adequate weight to Dr. Emerson's opinion. Treating physicians' opinions are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004). If the opinion is supported by such established techniques, the ALJ must then "confirm that the opinion is consistent with other substantial evidence in the record. Id. If the opinion is deficient in either respect, it is not entitled to controlling weight. Id. citing Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). If an ALJ chooses to reject a treating physician's assessment, he may not "make speculative inferences from medical reports and may reject the treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgements, speculation or lay opinion." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002).

An ALJ , however, is not required to give controlling weight to a statement by a treating physician which does not constitute a "medical opinion." Medical opinions are considered as

such when they are "judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions," 20 C.F.R. § 404.1527(a)(2), 416.927(a)(2).

In this case, the opinion expressed by Dr. Emerson that Claimant was no longer able to work as a mechanic constituted an opinion on "issues reserved to the Commissioner," and "administrative findings...dispositive of a case," 20 C.F.R. § 404.1527(d), 416.927(d). In contrast, the kind of extra medical opinion involved here is "not give[n] any special significance" in the disability analysis. 20 C.F.R. § 404.1527(e)(3), 416.927(e)(3); see, Soc. Sec. R 96-5p ("even when offered by a treating source, bald opinions regarding disability can never be entitled to controlling weight or given any special significance").

More troubling, however, is the ALJ's failure to attribute controlling weight to Dr. Emerson's diagnosis of diabetic neuropathy. On March 27, 2003, Dr. Emerson's progress notes document that Claimant presented for treatment with complaints of numbness in the feet. On examination, Dr. Emerson found numbness in the legs and diagnosed diabetic neuropathy. (Tr. 99) Similarly, on February 9, 2004, Claimant presented for treatment with complaints of numbness in his legs. Upon examination, Dr. Emerson diagnosed diabetic neuropathy of the feet. (Tr. 136) On December 28, 2004, Claimant made complaints of pain in the legs with occasional numbness. On examination, Dr. Emerson found left leg pain and weakness as well as Claimant's great toe had turned black. (Tr. 160) This Court finds the ALJ's determination that Dr. Emerson's diagnosis of diabetic neuropathy was based solely upon Claimant's complaints and not upon any objective medical findings is not supported by substantial evidence. Thus, the ALJ's failure to attribute controlling weight to Dr. Emerson's diagnosis of diabetic neuropathy

7

constituted error.

**Reliance on the Medical-Vocational Guidelines to Direct a Finding of Non-disability**

Claimant argues the ALJ erred by relying on the GRIDS to direct a determination on non-disability because he suffers from non-exertional impairments with regard to hearing loss and postural limitations. Here, the ALJ denied benefits conclusively based upon the rules expressed in 20 C.F.R. Pt. 404, Subpt.P, App.2. Claimant was found to have a high frequency hearing loss but retained the ability to hear normal conversational tones and to perform work activities.

The GRIDS are matrices of the four factors identified by Congress which include physical ability, age, education, and work experience. Rules are then set forth that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Heckler v. Campbell, 461 U.S. 458, 461-462 (1983). Although they provide a shortcut in the determination whether other work could be performed by a Claimant, the GRIDS should not be applied conclusively in a given case unless a claimant's characteristics precisely fit within a particular category. Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998). "An ALJ may not rely conclusively on the GRIDS unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993).

As previously discussed, the ALJ erred by disregarding the opinion of Emerson who opined Claimant suffered from postural limitations due to diabetic neuropathy. These limitations preclude the ALJ from using the GRIDS to direct a determination of non-disability. Thus, the ALJ's reliance on the GRIDS constituted error.

Claimant's final allegation of error contends the ALJ's determination he could perform the full range of medium work is not supported by substantial evidence. This Court finds the ALJ's RFC determination is not supported by substantial evidence.

### **Conclusion**

The Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED AND REMANDED for further administrative proceedings as set forth herein. Parties are herewith given ten (10) days from the date of this service to file with the Clerk of the court any objections with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 3rd day of April, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE